DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the Lucas County Court of Common Pleas, which imposed a ten-year sentence on appellant David A. Brown for involuntary manslaughter. For the reasons that follow, we find that the decision of the trial court must be affirmed.
Appellant was found guilty by a jury of involuntary manslaughter on April 27, 2000. Following his trial but before his sentencing, appellant provided testimony at the trial of his co-defendant, Steven Forgette, implicating Forgette in the crime. Forgette was subsequently also found guilty of involuntary manslaughter.
Appellant appeared for sentencing on May 26, 2000. The court made the following findings and rulings on the record:
 "The court has considered the oral — the record, the oral statements, the victim impact statement. I will tell you that I have looked at a letter from your wife and also from your mother. You have dramatically affected their lives too and did so without any thought beforehand.
 "The court has also looked at the pre-sentence report that's prepared, as well as the principles and purposes of sentencing under Revised Code Section 2929.11. Those principles and purposes are to protect the public and punish the defendant and those principles and purposes are probably no more greatly applicable than in this type of case.
 "I've also balanced the seriousness and the recidivism factors under 2929.12, finding this to be the most serious of this offense, and recidivism to be most likely in view of your criminal record.
 "The court finds the defendant has been convicted of involuntary manslaughter in violation of Revised Code 2903.04(A), a felony of the first degree, as well as gun specifications under 2945.141 and 144. Of course, the gun specifications merge in this pursuant to law.
"* * *.
 "Court finds pursuant to Revised Code Section 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense and will not adequately protect the public and therefore, imposes the greatest term. And court further finds pursuant to 2929.14(C), that this defendant has committed the worst form of this offense, and poses the greatest likelihood of recidivism, and that anything other than the maximum sentence would demean the seriousness of this offense for the following reasons.
 "This defendant was on probation at this time for an aggravated burglary and kidnapping. He had an assault rifle, which is illegal to have any weapon while on — while convicted of a felony. He committed this for hire. Caused the death of an innocent 10-year-old child. And shot up a habitation where at least five other human beings were living at the time, all for rather pitiful sum of money.
 "And based upon that, the court imposes the maximum sentence permitted of ten years in prison. * * *."
Appellant now appeals his sentence, setting forth the following assignment of error:
 "The trial court violated R.C. § 2929.14(C), in imposing the maximum sentence by considering the fact that Appellant came forward to testify on the State's behalf to assist it in securing a conviction against the co-defendant to aggravate rather than mitigate the sentence."
The standard of review applicable to this assignment of error is set out in R.C. 2953.08(G)(1). That section provides, in pertinent part:
 "The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
"* * *.
"(d) That the sentence is otherwise contrary to law."
Further, in determining the appeal, an appellate court is required to independently review the record. R.C. 2953.08(F).
In his assignment of error, appellant contends that the trial court violated R.C. 2929.14(C) by sentencing him to the maximum sentence. Specifically, appellant contends that the trial court considered the fact that appellant testified against Forgette as an aggravating factor rather than a mitigating factor. Appellant refers to the following comment made by the trial court to appellant at the sentencing hearing:
 "Your coming forward to — to soothe your conscience and your guilt because you couldn't think of anything about this beforehand to me is abhorrent. I don't find, personally don't find, by the way, your coming forward a very courageous act. You should have thought about all of this before you even undertook this.
 "The — in the court's view, and I've looked at the law. I spent a lot of time looking at this and I've spent a couple of weeks listening to all the testimony. I think anything shorter than the maximum sentence would demean anything that occurred here.
 "And I intend to impose the maximum sentence, and for the reasons that I will explain in a moment." (Emphasis added.)
The trial court went on to make the statutory findings under R.C.2929.14(B) and (C), explaining that he was ordering the maximum sentence because anything less would demean the seriousness of the offense and not adequately protect the public, because appellant committed the worst forms of the offense, and because appellant posed a great likelihood of recidivism. The court then gave reasons for those findings.
Based on the record, we cannot say that the trial court ordered the maximum sentence for any reason other than the appropriate statutory reasons. Accordingly, appellant's assignment of error is found not-well taken, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 ________________________ Peter M. Handwork, JUDGE
Melvin L. Resnick, J. and Mark L. Pietrykowski, P.J. CONCUR.